IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE HOWER and GRANT HOWER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-1736 |
| WAL-MART STORES, INC. | : | |

**SURRICK, J.**                                                                                                                                                                     **JULY  10  , 2009**

### MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order of June 16, 2009. (Doc. No. 21.) For the following reasons, the Motion will be denied.

### I. BACKGROUND

Catherine Hower ("Plaintiff") brought this negligence action against Wal-Mart Stores, Inc. ("Defendant"), after a slip-and-fall in Defendant's store. The facts of the case are set forth more fully in the June 16, 2009 Memorandum and Order granting Defendant's Motion for Summary Judgment. (*See* Doc. No. 20.) We recite only the facts that are relevant to the instant Motion.

On August 4, 2006, Plaintiff and her husband stopped at a Wal-Mart store in Horsham, Pennsylvania. It was a "normal busy day" at the store and "there was [a] good volume" of customers inside. Plaintiff was walking down an aisle when, about five seconds after she turned the corner to walk down the next aisle, she slipped on a liquid substance, fell on the floor, and sustained injuries. The liquid substance was bubble bath. It was spread in "blotches" over an area of two or three feet, and an empty bottle of the bubble bath was found next to the spill. Despite the size of the spill and volume of customers in the store, there were no footprints, shopping cart marks, tracks, or slip marks visible anywhere in the liquid before Plaintiff's fall.

Defendant's store policy was to perform "safety sweeps" of the aisles throughout the day. On the day in question, the manager of the department where Plaintiff fell had inspected the aisles sometime that morning but was working in the back of the store for an indeterminate period of time before Plaintiff's fall. It is unclear whether anyone inspected the aisle after the manager's morning safety sweep but before Plaintiff fell.

On March 12, 2008, Plaintiff filed a complaint in the Philadelphia County Court of Common Pleas alleging negligence against Defendant. On April 11, 2008, Defendant removed the action to this Court. (Doc. No. 1.) Defendant thereafter filed a motion for summary judgment. (Doc. No. 11.) On February 6, 2009, Plaintiff filed a response in opposition to Defendant's motion for summary judgment. (Doc. No. 12.) Plaintiff filed additional briefing on May 29, 2009, in the form of a supplemental reply memorandum in opposition to the motion for summary judgment. (*See* Doc. No. 18.) Plaintiff did not request oral argument. In Plaintiff's opposition briefing, she argued that Defendant had constructive notice of the spill based on the fact that the department manager was working in the rear of the store and was not performing "safety sweeps" of the aisle before Plaintiff fell, a violation of store policy. We rejected Plaintiff's argument, reasoning that the performance of safety sweeps said nothing about how long the bubble bath spill had been on the floor. Plaintiff also argued that Defendant had constructive notice of the spill based on the fact that the bottle of bubble bath was empty when Plaintiff fell.[1] We rejected this argument as well, concluding that Plaintiff had to show more

---

[1] In a fact section of Plaintiff's summary judgment briefing, Plaintiff denied Defendant's allegation that "Mr. Hower observed a single puddle of the substance on the floor," stating that "Mr. Hower testified that he observed 'skid marks' in the puddle and described it as being a 'big noticeable puddle.'" (Doc. No. 11 ¶ 11; Doc. No. 12 ¶ 11.) Plaintiff did not argue in either of her two memoranda of law that this testimony established duration or constructive notice of the spill.

2

than an empty seven-inch-high bottle to establish constructive notice. The spill could have occurred minutes or even seconds before Plaintiff fell. Accordingly, Defendant's motion for summary judgment was granted in a June 16, 2009 Memorandum and Order. (*See* Doc. Nos. 19, 20.) Plaintiff now asks us to reconsider that decision.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion is a motion for reconsideration. *See* E.D. Pa. Local R. Civ. P. 7.1(g). The purpose of a motion for reconsideration is to "'correct manifest errors of law or fact or [to] present newly discovered evidence.'" *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A judgment may be altered or amended on three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Id.*

---

*See Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990) ("Presenting such arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court."); *Stroud v. Abington Mem. Hosp.*, No. 06-4840, 2008 WL 2061408, at *17 (E.D. Pa. May 13, 2008) ("This Court is not obligated to consider arguments that a party fails to articulate.") (citation omitted). Such an argument would have failed anyway since Mr. Hower testified that he saw the "skid marks" after Plaintiff had slipped and smeared all through the liquid. (*See* G. Hower Dep. 21 (testifying that "after Plaintiff fell, she smeared all through [the liquid] so she had it on her feet," her back, and her arm); *id.* at 28 (testifying when asked if the spill "was tracked through" that "[a]fter my wife hit it, there were skid marks in it, yeah").)

(citation omitted); *see also Glenolden Energy Co. v. Borough of Glenolden*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (finding that a motion for reconsideration is not properly grounded on request to rethink a decision the court has already made). Thus, courts need not "reconsider repetitive arguments that have [already] been fully examined." *Sonders v. PNC Bank, N.A.*, No. 01-3083, 2003 WL 22310301, at *1 (E. D. Pa. Oct. 9, 2003) (citing *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002)). In addition, a motion for reconsideration may not be used as a vehicle to assert new arguments that could have been but were not previously presented to the court. *See Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002) ("A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment."); *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *3 (E.D. Pa. May 26, 2009) (denying motion for reconsideration where evidence was available but not presented to the court at the time of its decision); *Assisted Living Group, Inc., v. Upper Dublin Twp.*, No. 97-3427, 1997 WL 762801, at *2 (E.D. Pa. Dec. 8, 1997) (denying motion for reconsideration where "movants have not come forward with any newly discovered evidence, do not cite an intervening change in controlling law and fail to point out any clear error of law or manifest injustice"). Due to the strong interest in the finality of judgments, courts should grant motions for reconsideration sparingly. *Slagan v. John Whitman & Assoc., Inc.*, No. 97-3961, 1997 WL 611587, at *1 (E.D. Pa. Sept. 26, 1997); *see also A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (noting that Rule 56(e) provides an "extraordinary remedy" that is " 'to be granted sparingly'" (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996))).

**III.    DISCUSSION**

Plaintiff does not argue that there has been an intervening change in controlling law or that new evidence has become available that was not available when we granted the motion for summary judgment.  Rather, Plaintiff argues that we should reconsider the June 16, 2009 decision granting summary judgment because (1) "the Court erred in not requesting oral argument" and "the lack of oral argument created a manifest injustice to [Plaintiff]"; and (2) "the Court did not sufficiently consider evidence on the record that established the existence of genuine issues of material facts that must be decided by the Jury." (Doc. No. 21 at 2.)  Both of these arguments are totally without merit, if not frivolous.

We are not required to have oral argument – much less request it on our own accord – before disposing of motions for summary judgment.  Local Rule of Civil Procedure 7.1(f) provides that "[a]ny interested party may request oral argument on a motion," but that "[t]he court may dispose of a motion without oral argument." E.D. Pa. Local R. Civ. P. 7.1(f); *see also FDIC v. Deglau*, 207 F.3d 153,162 (3d Cir. 2000) (noting that under Local Rule 7.1(f), "the trial court was permitted to decide the motion . . . at any time it wished, after the petition and answer were filed, without hearing from the parties"). With regard to summary judgment motions, the Third Circuit has held that "[w]hile Rule 56 speaks of a 'hearing,' we do not read it to require that an oral hearing be held before judgment is entered.  An opportunity to submit written evidence and argument satisfies the requirements of the rule." *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 176-77 (3d Cir. 1990); *see also AIG Baker Shopping Ctr. Props., LLC, v. Deptford Twp. Planning Bd.*, No. 04-5849, 2006 U.S. Dist. LEXIS 727, at *30 (E.D. Pa. Jan. 10, 2006) (noting that Federal Rule of Civil Procedure 78 "grants a district judge wide discretion

to decide whether to hear oral argument on a particular motion, or instead, to decide it on the papers" and citing *Anchorage Associates*, 922 F.2d at 176-77, for the proposition that district courts need not hold oral argument on motions for summary judgment). It is well established that "[t]here is nothing fundamentally unfair about the summary judgment process, nor does the absence of an opportunity to supplement written submissions with oral advocacy constitute a denial of due process." *Cruz v. Melecio*, 204 F.3d 14, 19 (1st Cir. 2000); *accord Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 910 (1990) (Blackmun, J., dissenting) (noting that "[t]he Courts of Appeals consistently have recognized . . . that Rule 56 does not necessarily contemplate an oral hearing") (internal quotation marks and citation omitted); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) ("Every circuit to consider the issue has determined that the 'hearing' requirements of . . . Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court."); *Cray Commc'ns, Inc., v. Novatel Computer Sys.*, 33 F.3d 390, 396 (4th Cir. 1994) (oral hearing on a summary judgment motion is at the discretion of trial court); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (determining that a "hearing" on a summary judgment motion may consist of written submissions rather than oral argument); *Arrieta-Gimenez v. Arrieta-Negron*, 859 F.2d 1033, 1042 (1st Cir. 1988) (same); *Geear v. Boulder Comm. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) (district court review of briefs and other materials submitted in support of motion satisfied "hearing" requirement of Rule 56); *Langham-Hill Petroleum, Inc., v. S. Fuels Co.*, 813 F.2d 1327, 1330 (4th Cir. 1987) (noting that "there is no absolute requirement that a ruling on a motion for summary judgment be preceded by a hearing"); *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) ("Rule 56 does not require that an oral

hearing be held on a summary judgment motion."); *Grigoleit Co. v. United Rubber, Cork, Linoleum & Plastic Workers of Am. Local 270*, 769 F.2d 434, 437 (7th Cir. 1985) (noting that "the type of hearing required under rule 56(c) need not include oral argument"); *Baker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981) ("[W]hile Rule 56(c) contemplates notice to an adverse party and a 'hearing' before the court rules on a summary judgment motion, the 'hearing' need not be one in which the court receives oral argument."); *Spark v. Catholic Univ. of Am.*, 510 F.2d 1277, 1280 (D.C. Cir. 1975) (noting that the court may grant summary judgment without oral argument).

The absence of oral argument before granting Defendant's motion for summary judgment was not a "manifest injustice." This is especially so where, as here, Plaintiff fails to advise the Court as to how oral argument would have changed the result. Plaintiff had ample opportunity to respond to Defendant's motion for summary judgment and in fact filed a response in opposition. We considered Plaintiff's response in opposition before deciding the motion. Plaintiff filed a supplemental reply memorandum in further opposition to Defendant's motion for summary judgment. We considered this submission, too, before deciding the motion. Plaintiff does not articulate what additional evidence or argument she would like to submit at this juncture. Of course, any additional evidence would be inappropriate in a motion for reconsideration unless it is "new evidence." *See Berckeley Inv. Group, Ltd., v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (Fisher, J.) (noting that "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion [for summary judgment] with facts in the record"). Plaintiff does not argue that she has any new evidence.

Plaintiff instead argues that "a genuine issue of material fact concerning the notice issue

7

existed and was established on the records which should have caused the Court to deny the Defendant's Motion." (Doc. No. 21 ¶ 7.) Plaintiff does not specify what those records might be. It is impossible for us to ascertain how there was a genuine issue of material fact when Plaintiff points to no facts from the record to justify such a conclusion. *See Doebler's Pa. Hybrids v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) ("Judges are not like pigs, hunting for truffles buried in the record.") (citations and internal quotations omitted).

## IV.   CONCLUSION

There is nothing fundamentally unfair about the summary judgment process, and Plaintiff had ample opportunity to be heard – including the filing of two responses – before the motion for summary judgment was granted. Plaintiff's disagreement with the June 16, 2009 decision is not a grounds for reconsideration. The instant Motion lacks a basis in fact and in law.

For all of the forgoing reasons, the Motion will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
R. Barclay Surrick, J.